FILED
JULY 1, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MITCHELL KESSLER and TONY MATTHEWS, | ) | |
| | ) | No. 08 C 2489 |
| Plaintiffs, | ) | |
| | ) | Judge Darrah |
| v. | ) | |
| | ) | Magistrate Judge Brown |
| CITY OF CHICAGO and UNKNOWN CHICAGO POLICE OFFICERS, | ) ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago ("the City"), by Mara S. Georges, Corporation Counsel for the City of Chicago, for its answer to plaintiff's complaint, states as follows:

### Introduction

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

ANSWER: The City admits that plaintiff purports to bring this action under 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of plaintiffs' rights as secured by the United States Constitution. The City denies that it violated plaintiffs' constitutional rights.

### Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

ANSWER: The City admits the allegations in this paragraph.

3. Venue is proper as Plaintiffs are residents of this judicial district and Defendant City of Chicago is a municipal corporation located here. Further, the events giving rise to the claims asserted here all occurred within this district.

ANSWER: The City admits that venue is proper.

**Factual Allegations**

4. Plaintiff Mitchell Kessler, 29 years old, is a loan officer in Chicago.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

5. Plaintiff Tony Matthews, 38 years old, is co-owner of the company at which Mr. Kessler works.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

6. On or about the evening of November 29, 2007, Mr. Kessler and Mr. Matthews attended a work dinner in downtown Chicago.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

7. Mr. Kessler was driving Mr. Matthews home from the restaurant when two Chicago police officers pulled them over.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

8. The Defendant Officers ordered the Plaintiffs out of the car and handcuffed and searched them.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

9. More Defendant officers arrived on the scene.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

10. At least one of the Defendant Officers searched Mr. Kessler's car and then claimed that there were prescription drugs in the car. However, Mr. Kessler had no prescription drugs in his car.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

11. Plaintiffs were driven to a nearby police station. For hours, they were made to sit on a bench, handcuffed to a wall, in separate detention rooms.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

12. Mr. Kessler began to feel the need to urinate. For about five hours he asked officers walking by the room to let him go to a bathroom. The officers continuously responded that Mr. Kessler would have to wait.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

13. Mr. Kessler finally announced to officers that he would have to urinate in the detention room if he was not taken to a bathroom. A Defendant Officer responded by threatening Mr. Kessler with physical violence if he urinated in the detention room.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

14. Unable to wait any longer, Mr. Kessler urinated in the detention room. The officer who had threatened him immediately entered the room and kicked Mr. Kessler repeatedly while he was handcuffed.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

15. After Plaintiffs were held for about six hours in the detention rooms, the arresting Defendant Officers charged them with possession of drugs, and sent them to the station lockup. The Plaintiffs were later transported to Cook County Jail.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

16. Mr. Kessler, upon his release from Cook County Jail, returned to the police station to retrieve his property. Some of the Defendant Officers were present, and they made obscene and derogatory comments to Mr. Kessler in front of a large group of officers.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

17. When Mr. Kessler received his property, he discovered that 500 dollars had been stolen, along with his keys and driver's license. In addition, his glasses had been broken.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

18. Mr. Kessler also discovered that his car had been impounded by the Defendant Officers. As a result, he incurred significant costs, including the cost of towing his car to a dealership to have new keys made.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

19. The Defendant Officers' false charges against Plaintiffs were eventually resolved in a manner indicative of Plaintiffs' innocence.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

## Count I --42 U.S.C. § 1983
### Excessive Force

20. Each Paragraph of this Complaint is incorporated herein.

ANSWER: The City incorporates its answers to each paragraph of this complaint here.

21. As described above, the conduct of one or more of the Defendant Officers constituted excessive force in violation of the United States Constitution.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

22. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff Mitchell Kessler's constitutional rights.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

24. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City in that:

    a. As a matter of both policy and practice, the City directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the City facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. City policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department. Police officers routinely fail to report instances of policy misconduct and lie to protect each other from punishment, and go

un-disciplined for doing so;

e.  The City of Chicago has failed to act to remedy the patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

ANSWER:  The City denies the allegations in this paragraph, including all of its sub-parts, as they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

25.  As a result of the Defendant Officer's unjustified and excessive use of force and the City's policy and practice, Plaintiff Kessler has suffered injury, including emotional distress.

ANSWER:  The City denies the allegations in this paragraph as they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

26.  The misconduct described in this Count and the following counts was undertaken by the Defendant Officer within the scope of his employment and under color of law such that his employer, City of Chicago, is liable for his actions.

ANSWER:  The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### Count II – 42 U.S.C. § 1983
### False Arrest/Unlawful Detention

27.  Each Paragraph of this Complaint is incorporated herein.

ANSWER:  The City incorporates its answers to each paragraph of this complaint here.

28.  As described above, Defendant Officers unlawfully detained Plaintiffs without justification and without probable cause.

ANSWER:  The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

29.  The misconduct described in this Count was objectively unreasonable and was

undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

30. As a result of the unjustified violation of Plaintiffs' rights by the Defendant Officers, undertaken pursuant to the City's policy and practice as described above, Plaintiffs have suffered injury, including emotional distress.

ANSWER: The City denies the allegations in this paragraph as they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

### Count III – 42 U.S.C. § 1983
### Unreasonable Search and Seizure

31. Each Paragraph of this Complaint is incorporated herein.

ANSWER: The City incorporates its answers to each paragraph of this complaint here.

32. As described above, Plaintiffs were searched by one or more of the Defendant Officers in a manner which violated the Fourth Amendment.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

33. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

34. As a result of the unjustified violation of plaintiffs' rights by the Defendant Officers, undertaken pursuant to the City's policy and practice as described above, plaintiffs have suffered injury, including emotional distress.

ANSWER: The City denies the allegations in this paragraph as they pertain to the City. The City

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

### Count IV – 42 U.S.C. § 1983
### Failure to Intervene

35. Each Paragraph of this Complaint is incorporated herein.

ANSWER: The City incorporates its answers to each paragraph of this complaint here.

36. As described more fully above, one or more Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiffs' constitutional rights as set forth above had they been so inclined, but failed to do so.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

37. Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

38. As a result of the Defendant Officers' failure to intervene, undertaken pursuant to the City's policy and practice as described, Plaintiffs have suffered injury, including emotional distress.

ANSWER: The City denies the allegations in this paragraph as they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

### Count V – State Law Claim
### Assault and Battery

39. Each Paragraph of this Complaint is incorporated herein.

ANSWER: The City incorporates its answers to each paragraph of this complaint here.

40. As described in the preceding paragraphs, the conduct of a Defendant Officer, acting

under color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Mr. Kessler's bodily injuries.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

41. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Kessler's constitutional rights.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

42. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

43. As a result of the offensive touching, undertaken pursuant to the City's policy and practice as described above, Mr. Kessler sustained bodily and other injuries, including but not limited to a reasonable apprehension of great bodily harm.

ANSWER: The City denies the allegations in this paragraph as they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

**Count VI – State Law Claim**
**False Imprisonment**

44. Each Paragraph of this Complaint is incorporated herein.

ANSWER: The City incorporates its answers to each paragraph of this complaint here.

45. Plaintiffs were arrested and imprisoned, and thereby had their liberty to move about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

9

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

46. Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiffs' constitutional rights and to the rights of others.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

47. As a result of the above-described wrongful infringement of Plaintiffs' rights, undertaken pursuant to the City's policy and practices as described above, Plaintiffs have suffered injury, including emotional distress.

ANSWER: The City denies the allegations in this paragraph as they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

### Count VII – State Law Claim
### Malicious Prosecution

48. Each Paragraph of this Complaint is incorporated herein.

ANSWER: The City incorporates its answers to each paragraph of this complaint here.

49. Plaintiffs were improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiffs' favor in a manner indicative of innocence.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

50. Defendant Officers accused Plaintiffs of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the

truth of the allegations in this paragraph.

51. Statements of Defendant Officers about Plaintiffs' alleged culpability were made with knowledge that the statements were false. In so doing, they fabricated evidence and withheld exculpatory information.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

52. The misconduct described in this Count wad undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs and others.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

53. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, City of Chicago, is liable for the actions.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

54. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

ANSWER: The City denies the allegations in this paragraph as they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

**Count VIII – State Law Claim**
**Conversion**

55. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

ANSWER: The City incorporates its answers to each paragraph of this complaint here.

56. As described more fully in the preceding paragraphs, the Defendant Officers unlawfully exercised dominion or control over Plaintiff Mitchell Kessler's property, which was not returned to Plaintiffs even after he notified Defendants of the theft.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

57. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

58. As a result of the Defendant Officers' misconduct described in this Count, as well as the City's policy and practice, Plaintiff Kessler has suffered injury, including but not limited to the lost property.

ANSWER: The City denies the allegations in this paragraph as they pertain to the City. The City lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph.

59. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, City of Chicago, is liable for their actions.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

### Count IX – State Law Claim
### Respondeat Superior

60. Each Paragraph of this Complaint is incorporated herein.

ANSWER: The City incorporates its answers to each paragraph of this complaint here.

61. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

62. Defendant City of Chicago is liable as principal for all torts committed by its agents.

ANSWER: The City denies that plaintiffs have correctly or completely stated the City's potential responsibility for the conduct of its agents under the principle of *respondeat superior.*

### Count X – State Law Claim
### Indemnification

63. Each Paragraph of this Complaint is incorporated herein.

ANSWER: The City incorporates its answers to each paragraph of this complaint here.

64. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

ANSWER: The City admits that Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages arising from actions of its employees within the scope of their employment for which they are found liable.

65. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

ANSWER: The City lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph.

Wherefore, the City prays that this Court enter judgment in its favor on plaintiff's complaint, award the City such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### DEFENSES

**A. Defense to Federal Claims**

1. The City may not be held liable for any claim under 42 U.S.C. §1983 on the basis of *respondeat superior*. Monell v. New York City Department of Social Services, 436

U.S. 658, 691 (1978).

**B. Defenses to State Law Claims**

2. Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act ("the Act"), the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party. 745 ILCS 10/2-102.

3. Under the Act, the City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

4. Under the Act, to the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omission in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

5. Under the Act, a public employee acting within the scope of his or her employment is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

**C. Defense to All Claims**

7. Plaintiff has a duty to mitigate any of his claimed injuries or damages in this case,

and to the extent he has failed to do so, any verdict or judgement he obtains must be reduced accordingly.

## JURY DEMAND

Defendant City of Chicago requests trial by jury.

Respectfully submitted,

MARA S. GEORGES
Corporation Counsel, City of Chicago

Date: June 27, 2008            By:     */s/ Bhairav Radia*
                                       Bhairav Radia
                                       Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6919 Office
(312) 744-3989 Fax

Case 1:08-cv-02489 Document 52 Filed 06/27/2008 Page 15 of 16

## **CERTIFICATE OF SERVICE**

I certify that I caused to be served a true copy of **Defendant City of Chicago's Answer, Defenses and Jury Demand to Plaintiff's Complaint** on the attorneys of record, as identified below, through the United States District Court for the Northern District of Illinois, Eastern Division's electronic case filing system, on June 27, 2008.

To: Samantha Liskow
Arthur Loevy
Jonathan Loevy
Loevy & Loevy
312 North May Street, Suite 100
Chicago, IL 60607

*/s/ Bhairav Radia*
Bhairav Radia
Assistant Corporation Counsel

30 North LaSalle Street
Suite 1020
Chicago, Illinois 60602
(312) 744-6919

16