IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MITCHELL KESSLER and TONY MATTHEWS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) 08 cv 2489 |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER C.J. PILGRIM (STAR #14264), CHICAGO POLICE OFFICER M. TAMLO (STAR #14977), and UNKNOWN CHICAGO POLICE OFFICERS, | ) Judge Darrah ) Magistrate Judge Brown ) ) ) JURY TRIAL DEMANDED ) |
| Defendants. | ) |

**FIRST AMENDED COMPLAINT**

Plaintiffs, MITCHELL KESSLER and TONY MATTHEWS, by and through their attorneys, LOEVY & LOEVY, complaining of Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS C.J. PILGRIM (STAR #14264) and M. TAMLO (STAR #14977), and UNKNOWN CHICAGO POLICE OFFICERS (collectively, "Defendant Officers"), state as follows:

**Introduction**

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**Jurisdiction and Venue**

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper as Plaintiffs are residents of this judicial district and Defendant City of Chicago is a

municipal corporation located here. Further, the events giving rise to the claims asserted here all occurred within this district.

## Factual Allegations

4. Plaintiff Mitchell Kessler, 29 years old, is a loan officer in Chicago.

5. Plaintiff Tony Matthews, 38 years old, is co-owner of the company at which Mr. Kessler works.

6. On or about the evening of November 1, 2007, Mr. Kessler and Mr. Matthews attended a work dinner in downtown Chicago.

7. Mr. Kessler was driving Mr. Matthews home from the restaurant when two Chicago police officers pulled them over.

8. The Defendant Officers ordered the Plaintiffs out of the car and then handcuffed and searched them.

9. More Defendant officers arrived on the scene.

10. At least one of the Defendant Officers searched Mr. Kessler's car and then claimed that there were prescription drugs in the car. However, Mr. Kessler had no prescription drugs in his car.

11. Plaintiffs were driven to a nearby police station. For hours, they were made to sit on a bench, handcuffed to a wall, in separate detention rooms.

12. Mr. Kessler began to feel the need to urinate. For about five hours he asked officers walking by the room to let him go to a bathroom. The officers continuously responded that Mr. Kessler would have to wait.

13. Mr. Kessler finally announced to officers that he would have to urinate in the detention room if he was not taken to a bathroom. A Defendant Officer responded by threatening Mr. Kessler with physical violence if he urinated in the detention room.

14. Unable to wait any longer, Mr. Kessler urinated in the detention room. The officer who had threatened him immediately entered the room and kicked Mr. Kessler repeatedly while he was handcuffed.

15. After Plaintiffs were held for about six hours in the detention rooms, the arresting Defendant Officers charged them with possession of drugs, and sent them to the station lockup. The Plaintiffs were later transported to Cook County Jail.

16. Mr. Kessler, upon his release from Cook County Jail, returned to the police station to retrieve his property. Some of the Defendant Officers were present, and they made obscene and derogatory comments to Mr. Kessler in front of a large group of officers.

17. When Mr. Kessler received his property, he discovered that 500 dollars had been stolen, along with his keys and driver's license. In addition, his glasses had been broken.

18. Mr. Kessler also discovered that his car had been impounded by the Defendant Officers. As a result, he incurred significant costs, including the cost of towing his car to a dealership to have new keys made.

19. The Defendant Officers' false charges against Plaintiffs were eventually resolved in a manner indicative of Plaintiffs' innocence.

### Count I -- 42 U.S.C. § 1983
### Excessive Force

20. Each Paragraph of this Complaint is incorporated herein.

21. As described above, the conduct of one or more of the Defendant Officers constituted excessive force in violation of the United States Constitution.

22. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff Mitchell Kessler's constitutional rights.

23. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

24. The misconduct described in this Count was undertaken pursuant to the policy and practice of the City in that:

    a. As a matter of both policy and practice, the City directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the City facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

    c. As a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d. City policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department. Police officers routinely fail to

report instances of police misconduct and lie to protect each other from punishment, and go un-disciplined for doing so.

      e.    The City of Chicago has failed to act to remedy the patterns of abuse, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

25. As a result of the Defendant Officer's unjustified and excessive use of force and the City's policy and practice, Plaintiff Kessler has suffered injury, including emotional distress.

26. The misconduct described in this Count and the following counts was undertaken by the Defendant Officer within the scope of his employment and under color of law such that his employer, CITY OF CHICAGO, is liable for his actions.

### Count II -- 42 U.S.C. § 1983
### False Arrest/Unlawful Detention

27. Each Paragraph of this Complaint is incorporated herein.

28. As described above, Defendant Officers unlawfully detained Plaintiffs without justification and without probable cause.

29. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

30. As a result of the unjustified violation of Plaintiffs' rights by the Defendant Officers, undertaken pursuant

to the City's policy and practice as described above, Plaintiffs have suffered injury, including emotional distress.

### Count III -- 42 U.S.C. § 1983
### Unreasonable Search and Seizure

31. Each Paragraph of this Complaint is incorporated herein.

32. As described above, Plaintiffs were searched by one or more of the Defendant Officers in a manner which violated the Fourth Amendment.

33. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

34. As a result of the unjustified violation of Plaintiffs' rights by the Defendant Officers, undertaken pursuant to the City's policy and practice as described above, Plaintiffs have suffered injury, including emotional distress.

### Count IV -- 42 U.S.C. § 1983
### Failure to Intervene

35. Each Paragraph of this Complaint is incorporated herein.

36. As described more fully above, one or more Defendant Officers had a reasonable opportunity to prevent the violation of Plaintiffs' constitutional rights as set forth above

had they been so inclined, but failed to do so.

37. Defendant Officers' actions were undertaken intentionally, with malice and reckless indifference to Plaintiffs' rights.

38. As a result of Defendant Officers' failure to intervene, undertaken pursuant to the City's policy and practice as described above, Plaintiffs have suffered injury, including emotional distress.

### Count V - State Law Claim
### Assault and Battery

39. Each Paragraph of this Complaint is incorporated herein.

40. As described in the preceding paragraphs, the conduct of a Defendant Officer, acting under color of law and within the scope of his employment, constituted unjustified and offensive physical contact, undertaken willfully and wantonly, proximately causing Mr. Kessler's bodily injuries.

41. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Mr. Kessler's constitutional rights.

42. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

43. As a result of the offensive touching,

undertaken pursuant to the City's policy and practice as described above, Mr. Kessler sustained bodily and other injuries, including but not limited to a reasonable apprehension of great bodily harm.

### Count VI – State Law Claim
### False Imprisonment

44. Each Paragraph of this Complaint is incorporated herein.

45. Plaintiffs were arrested and imprisoned, and thereby had their liberty to move about unlawfully restrained, despite Defendant Officers' knowledge that there was no probable cause for doing so.

46. Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiffs' constitutional rights and to the rights of others.

47. As a result of the above-described wrongful infringement of Plaintiffs' rights, undertaken pursuant to the City's policy and practice as described above, Plaintiffs have suffered injury, including emotional distress.

### Count VII – State Law Claim
### Malicious Prosecution

48. Each Paragraph of this Complaint is incorporated herein.

49. Plaintiffs were improperly subjected to judicial proceedings for which there was no probable cause. These

judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiffs' favor in a manner indicative of innocence.

50. Defendant Officers accused Plaintiffs of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

51. Statements of Defendant Officers about Plaintiffs' alleged culpability were made with knowledge that the statements were false. In so doing, they fabricated evidence and withheld exculpatory information.

52. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiffs and others.

53. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, CITY OF CHICAGO, is liable for the actions.

54. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

### COUNT VIII -- State Law Claim
### Conversion

55. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

56. As described more fully in the preceding paragraphs, the Defendant Officers unlawfully exercised dominion or control over Plaintiff Mitchell Kessler's property, which was not returned to Plaintiffs even after he notified Defendants of the theft.

57. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

58. As a result of Defendant Officers' misconduct described in this Count, as well as the City's policy and practice, Plaintiff Kessler has suffered injury, including but not limited to the lost property.

59. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF CHICAGO, is liable for their actions.

### Count IX -- State Law Claim
### Respondeat Superior

60. Each Paragraph of this Complaint is incorporated herein.

61. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

62. Defendant City of Chicago is liable as principal for all torts committed by its agents.

### COUNT X -- State Law Claim
### Indemnification

63. Each Paragraph of this Complaint is incorporated herein.

64. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

65. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, MITCHELL KESSLER and TONY MATTHEWS, respectfully request that this Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICERS C.J. PILGRIM (STAR #14264) and M. TAMLO (STAR #14977), and UNKNOWN CHICAGO POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ Samantha Liskow
Attorneys for Plaintiffs

Arthur Loevy
Jon Loevy
Samantha Liskow
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900